**HONORABLE MARC BARRECA**
Date: Wednesday, April 1, 2020
Time: 9:00 a.m.
Place: Everett Station
Weyerhauser Room, 4th Floor
3201 Smith Avenue
Everett, WA 98201
Response Date: March 25, 2020

IN THE UNITED STATES BANKRUPTY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>PRINCE LUV,<br>          Debtor.<br>_____<br>PRINCE LUV,<br>          Plaintiff,<br>v.<br><br>WEST COAST SERVICING, INC.,<br>          Defendant. | Bk. Case No. 19-14182-MLB<br><br>Adv. No. 20-01017-MLB<br><br>REPLY IN SUPPORT OF MOTION FOR REMAND |

Defendant West Coast Servicing, Inc. submits its reply in support of its motion for case remand[1].

Plaintiff's single page response[2] to the motion fails to raise any meritorious opposition to the relief, and the response pleading is further proof a fee award is justified, as further explained below.

## I.   REPLY

**A.**   **Plaintiff Does Not Contest the Deficiencies in His Notice of Removal.**

Plaintiff's Notice of Removal[3], wherein he is legally obligated to identify and give notice

---

[1] Dkt #3
[2] Dkt #4
[3] Dkt #1

Reply
Page -1-
MH# WA-20-801017-CV
Case 20-01017-CMLB   Doc 5   Filed 03/26/20   Ent. 03/26/20 15:28:41   Pg. 1 of 3

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

as to his legal basis for removal[4], states that removal was timely under FRCP 9027(a)(2)(A) because it was done within 90 days of the Petition Date. As explained in the motion for remand, which is not in dispute, the ninety day removal window from the Petition Date expired before the Notice of Removal was signed and filed.

**B.  Plaintiff's New Argument that Removal Was Based on Different Grounds is Without Merit.**

Plaintiff's response, for the first time, appears to argue that removal was timely under FRCP 9027(a)(2)(B), which provision is bolded below:

> (2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code*. **If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of** (A) 90 days after the order for relief in the case under the Code, (B) **30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or** (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

This response argument is without merit.

<u>First</u>, Plaintiff's Notice of Removal, which is the subject of the pending motion, does not identify FRCP 9027(a)(2)(B) as the legal basis for removal.

<u>Second</u>, Plaintiff's Notice of Removal plainly did not follow "..an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code"…, as is contemplated by FRCP 9027(a)(2)(B).

<u>Third</u>, Plaintiff cannot subsequently file a notice of removal under FRCP 9027(a)(2)(B) because the underlying civil action was the Plaintiff's affirmative action for relief, and there was not a stay in the underlying civil action that was only recently terminated by way of plan confirmation. *Rentas v. Serrano (In re Garcia)*, 553 B.R. 1, 15, 2016 Bankr. LEXIS 1888, *38-39; *Smith v. IH4 Prop. West LP (In re Smith)*, 2018 Bankr. LEXIS 279, *12-15.

---

[4] 28 USC 1446(a)

Reply
Page -2-
MH# 20-801017-WA

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104

Case 20-01017-CMLB    Doc 5    Filed 03/26/20    Ent. 03/26/20 15:28:41    Pg. 2 of 3

**C.   Plaintiff's Request for an Enlargement of Time Should Be Denied.**

Plaintiff cites FRCP 9006(b)(1) for the proposition the Court can enlarge the time for removal due to excusable neglect, but Plaintiff fails to provide any additional legal authorities and analysis in support of the enlargement relief. Close inspection of the rule discloses that said relief requires "cause", which Plaintiff's one page response does not even attempt to demonstrate.

If Plaintiff was serious about remedying a missed deadline, he would have comprehensively and thoroughly sought his relief upon the filing of his Notice of Removal, or at the least, promptly after West Coast Servicing filed its motion for remand identifying the removal as untimely. Plaintiff's one page response filed on the eve of his deadline, with no effort to even address excusable neglect, is not "cause" under any circumstances, in any court.

**D.   Plaintiff Should Be Awarded Its Fees.**

Plaintiff's one page response, which fails to raise any meritorious opposition, should remove any doubt as the appropriateness of a fee award. West Coast Servicing, Inc. has needlessly incurred fees in both the motion and the reply, and will further incur fees in having to attend the hearing, and fee reimbursement is appropriate.

## II.   CONCLUSION

The Notice of Removal is untimely and the Court should grant the motion for remand, and with an award of fees.

DATED March 26, 2020

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorney for West Coast Servicing, Inc.

Reply
Page -3-
MHCase 20-801217-CMLB   Doc 5   Filed 03/26/20   Ent. 03/26/20 15:28:41   Pg. 3 of 3

McCarthy & Holthus LLP
108 1st Ave S, Ste 300
Seattle, WA 98104